## THE PRINCESS.

### (District Court, D. Maryland. January 12, 1911.)

MARITIME LIENS (§ 25*)—MARYLAND STATUTE—SUPPLIES FOR VESSEL—"MATERIALS FURNISHED IN THE EQUIPPING OF A VESSEL."

Consumable supplies furnished to a vessel, such as gasoline for a motor boat, are not within Code Pub. Gen. Laws Md. 1904, art. 63, § 43, giving a lien on domestic vessels "for materials furnished or work done in the building, repairing or equipping the same."

[Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. §§ 20, 31–36.; Dec. Dig. § 25.*

For other definitions, see Words and Phrases, vol. 5, pp. 4409–4413.

Maritime liens created by state laws, see note to The Electron, 21 C. C. A. 21.]

In Admiralty. Suit by the National Oil Company against the power boat Princess. Decree for respondent.

E. Walter Robinson and Arthur D. Foster, for libelant.

William A. Wheatley, for respondent.

MORRIS, District Judge. This is a libel against the power boat Princess to recover the price of gasoline supplied to the boat during August, September, and October, 1909, in the port of Baltimore. The libelant claims a lien by virtue of the Maryland boat lien statute, and having duly filed its claim, in accordance with the requirements of the statute, within six months after furnishing the gasoline, it now, by this proceeding filed January 17, 1910, seeks to enforce its claim of lien.

The boat was a domestic vessel, whose home port was Baltimore and whose owners reside in Maryland. The gasoline was furnished to the boat in Baltimore for her regular trips on the Chesapeake Bay during 1909. The act of Congress relating to liens on vessels for repairs, supplies, and necessaries, which was not approved until June 23, 1910, has no application.

I will assume that the gasoline was furnished on the credit of the vessel, and will consider only whether under the Maryland statute there is a lien given for such consumable supplies as gasoline to be

used up in running the engine of a power boat. The Maryland statute gives a lien on all domestic vessels "for materials furnished or work done in the building, repairing or equipping the same." Code Pub. Gen. Laws 1904, art. 63, § 43. The question to be decided is: Does the gasoline furnished as needed to run the gasoline engine of such a boat come within the reasonable meaning of·the words "materials furnished in the * * * equipping" of the boat, as those words are found in the statute?

It must be apparent that the words "materials furnished or work done in the building, repairing or equipping" of a boat refer most naturally to those additions·to the structure or completion of a vessel which are not in their nature such as are consumed from day to day. Consumable things are more properly called "supplies," such as food and water for the crew, oil for the lamps, and fuel for cooking; and the meaning of the statute is made more evident by its further provision in section 44 that no person shall be entitled to a lien "unless within six months from the commencement of the building, repairing, equipping or refitting of such boat or vessel" he shall file in court a sworn statement of his account. This language is inapplicable to a claim for current consumable supplies.

Prior to the act of Congress of June 23, 1910, there was no lien for supplies or materials furnished to a vessel in her home port, except as given by the local state statute, and whether such a lien exists is to be determined solely by reference to the state statute. The Vigilant, 151 Fed. 747, 81 C. C. A. 371. I am clearly of opinion that consumable supplies, such as gasoline, are not within the lien given by the Maryland statute. It was decided by Judge Bond in Milbourne v. Schooner Daniel Augusta, 3 Hughes, 464, Fed. Cas. No. 9,540, that under this same Maryland statute groceries furnished a vessel were not within its terms.

The libel will be dismissed.